ROBERT G. WIENECKE, as receiver of the First National Bank of West New York, complainant-respondent,

*v.*

VIRGINIA D. HARMON, defendant-appellant.

[Submitted October term, 1939. Decided January 25th, 1940.]

*Messrs. Pierson & Brand (Mr. John D. Pierson,* of counsel), for the appellant.

*Messrs. Burke, Sheridan & Hourigan (Mr. John H. Sheridan,* of counsel), for the respondent.

PER CURIAM.

Save as presently stated, we are fully in accord with the reasoning of the learned Vice-Chancellor Fielder, and with the provisions of the decree advised by him.

Appellant, defendant below, by her answer denied that respondent, complainant below, was entitled to foreclose the mortgage in question, or to recover the actual amount advanced thereunder, unless respondent first compensated her for the amount of her losses allegedly flowing from the failure on the part of the bank, for whom respondent acted as receiver, to carry out its undertaking with her as a result of which she executed and delivered the mortgage under foreclosure to the bank. Additionally, appellant sets up a counterclaim in which she specifically sets forth four items of damages.

The vice-chancellor correctly concluded that failure of the original agreement between the bank and appellant concerning the mortgage was not due to any fault which could be attributed to appellant and that she should be allowed to set-off or recoup against the mortgage debt such damages as she could show to have suffered as the result of the bank's failure to perform its undertaking with her. He further concluded that appellant was entitled to damages in the sum of $675 on three of the items but was not entitled to any damages on the fourth item. Accordingly, appellant was allowed a credit of $675 on the amount found due ($4,333.22) on the mortgage.

The vice-chancellor also concluded that appellant pay costs, including a counsel fee of $250.

Since both parties were partially successful on substantial

issues, neither party was, under the circumstances, entitled to costs or fees. *Moore* v. *Splitdorf Electrical Co., 114 N. J. Eq. 358, 368; 168 Atl. Rep. 741.*

The decree will be modified accordingly, and as so modified, is affirmed, without costs.

*For modification*—THE CHIEF-JUSTICE, TRENCHARD, CASE, BODINE, DONGES, HEHER, PERSKIE, PORTER, HETFIELD, DEAR, WELLS, WOLFSKEIL, RAFFERTY, HAGUE, JJ. 14.

*For reversal*—None.